1    Robert J. Nelson (State Bar No. 132797)
rnelson@lchb.com
2    Nimish R. Desai (State Bar No. 244953)
ndesai@lchb.com
3    LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
4    275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
5    Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

6

7    *Attorneys for Relator*

8    Rhonda R. Trotter (State Bar No. 169241)
Email address:  rhonda.trotter@arnoldporter.com
9    ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
10    Los Angeles, CA 90017
Telephone: (213) 243-4000
11    Facsimile: (213) 243-4199

12    *Attorney for Defendant Allergan, Inc.*

13    [Additional counsel listed on signature page]

14

15           UNITED STATES DISTRICT COURT

16         CENTRAL DISTRICT OF CALIFORNIA

17

18    UNITED STATES ex rel.
TERRENCE BARRETT, and on
19    behalf of various States,

              Plaintiff,
20

21    v.

22    ALLERGAN, INC.,

23             Defendant.

Case No. 8:18-CV-00203-JVS (KESx)

**STIPULATIED PROTECTIVE ORDER**

Judge:     Hon. James V. Selna

## I.    PURPOSES AND LIMITATIONS

24

25        Discovery in this action is likely to involve production of trade secrets and

26 other confidential, highly confidential, proprietary, or private information for which

27 special protection from public disclosure and from use for any purposes other than

28 prosecuting or defending this litigation may be warranted. Accordingly, the parties

hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited Discovery Materials that are entitled to confidential or highly confidential treatment under the applicable legal principles. The parties further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing information, and other valuable research, development, commercial, financial, sensitive, or proprietary information which might cause harm to a party's competitive position and for which protection from public disclosure and from use for any purpose outside of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including confidential and proprietary information of third parties and other information implicating privacy rights of third parties), information otherwise generally unavailable to the public (including information regarding business strategies, decisions, and negotiations, customer information, personal information about employees, customers, or other third parties, marketing studies, proformas, projections, and similar information), and information which may be confidential, privileged, or otherwise protected from disclosure under contract, state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of Discovery Material, to adequately

1863554.1

US 167095985v1

protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, to address any unintentional production of documents or information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privileges, and to serve the ends of justice, a protective order for such information is justified in this matter.

The parties intend that information will not be designated as confidential or highly confidential for tactical reasons. The parties intend that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why the designated information should not be part of the public record of this case.

## III. DEFINITIONS

1. The following terms, as used herein, mean as follows:

a. <u>Action</u>: refers to the above-captioned civil action, including any appellate proceedings.

b. <u>Challenging Party</u>: is the Party or Non-Party that challenges the designation of Discovery Material that has been produced in disclosures or in responses to discovery and has been designated as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order".

c. <u>Competitor</u>: any manufacturer of, or manufacturer involved in the sale of products that compete with the Defendant's products at issue in this case, or any current employees of such entity (excluding Relator).

d. <u>Confidential Information</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

1863554.1

US 167095985v1

e.     Highly Confidential Information – Attorneys' Eyes Only: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and are highly confidential and/or sensitive in nature, the disclosure of which poses a genuine threat of economic harm or significant competitive disadvantage to the Producing Party. The following types of information may, but do not necessarily qualify: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, employee information, web traffic data, research and development documents and information, technical information, information about products not yet released, strategic plans, information obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), commercial agreements, license agreements, settlement agreements or communications, and other non-public information of similar competitive and business sensitivity.

f.     Counsel: Outside Counsel and In-house Counsel (as well as their support staff).

g.     Designating Party: A Party or Non-Party that designates Discovery Material that it produces in disclosures or in responses to discovery as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order."

h.     Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, disclosures, deposition testimony, transcripts and exhibits thereto, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

i.     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to

US 167095985v1

serve as an expert witness or as a consultant in this Action (as well as their support staff).

        j.    <u>Final Disposition</u>: the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals including any petition for certiorari.

        k.    <u>In-house Counsel</u>: attorneys who are employees of a party to this Action and who are responsible for the oversight of the Action. In-house Counsel does not include Outside Counsel or any other outside counsel.

        l.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

        m.    <u>Outside Counsel</u>: (i) outside counsel who appear on the pleadings as counsel for a Party; and (ii) partners, associates and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

        n.    <u>Party</u>: any party to this Action (including the United States and the States referenced in the Complaint), including all of that party's officers, directors, employees, consultants, Experts, and Outside Counsel (and their support staffs).

        o.    <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

        p.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

        q.    <u>Protected Material</u>: any Discovery Material that is designated as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order."

r.  Receiving Party:  a Party that receives Discovery Material from a Producing Party.

## IV.  SCOPE AND PURPOSE

2.  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.  This Protective Order shall govern the use and dissemination of all documents, material, or information designated as Confidential or Highly Confidential – Attorney's Eyes Only in accordance with the terms of this Protective Order.

4.  This Protective Order does not restrict in any manner the Producing Party's use of its own information or documents, regardless of how such information or documents may be designated under this Protective Order, and nothing in this Protective Order shall preclude any Party from showing information designated as Confidential or Highly Confidential – Attorney's Eyes Only to an individual who prepared or previously received the material.  Further, nothing in this Order shall restrict in any way the use or disclosure of Discovery Material in this Action by a Receiving Party:  (i) that is lawfully acquired by the Receiving Party independent of the Producing Party; (ii) with the consent of the Producing Party; or (iii) pursuant to order of the Court.

5.  Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## V.  DURATION

6.  The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this Action, including any appellate proceedings, or until the Court orders otherwise.  Section XV, below, governs the parties'

US 167095985v1

obligations upon Final Disposition of this Action. The designation of Protected

Material under this Order shall not establish any presumption that such information

should be sealed if introduced at trial.

7.     This Court shall retain jurisdiction after such Final Disposition to

enforce the provisions of this Protective Order.

## VI.    DESIGNATING PROTECTED MATERIAL

8.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates Discovery Material for protection under

this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. The Designating Party must act in good

faith in designating for protection only those parts of material, documents, items, or

oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not

swept unjustifiably within the ambit of this Order.

a.     If it comes to a Designating Party's attention that Discovery

Material that it designated for protection do not qualify for protection, that

Designating Party must promptly notify all other Parties that it is withdrawing the

inapplicable designation.

b.     This Protective Order does not relieve any Party of its

obligations to respond to otherwise proper discovery requests in this case.

9.     <u>Manner and Timing of Designations.</u> Except as otherwise provided in

this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies

for protection under this Order must be clearly so designated before the material is

disclosed or produced. Designation in conformity with this Order requires:

a.     for information in documentary form (e.g., paper or electronic

documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix at a minimum, the legend "Confidential

– Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only –

Subject to Protective Order" to each page that contains such information. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.    For digital files being produced, unless otherwise impracticable, the Producing Party shall mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  To the extent possible, the Producing Party shall note the designation of documents in its production cover letter and on the electronic media (e.g., hard drive, CD, DVD) containing those documents.  The Parties reserve the right to agree to other means to designate Protected Material produced in electronic form or to ask the Court to permit designation of such documents in another manner.

c.    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after all inspecting Parties have indicated which documents they would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After all inspecting Parties have identified the documents they want copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "Confidential – Subject to Protective Order" or  "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

d.    When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or

consultant, the Party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Producing Party and including the Bates number and designation associated with the native file. Any additional material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question.

        e.     For testimony given in depositions, the Designating Party shall identify the Discovery Material on the record as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only," before the close of the deposition; or, the Designating Party shall provide all Outside Counsel with a copy of the pages of the deposition transcript with the legend "Confidential – Subject to Protective Order" or the legend "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order" prominently and legibly affixed, and with the Designated Material highlighted or underlined, within 30 days of the date the deposition office provides all Parties the officer's certificate prescribed by Federal Rules of Civil Procedure 30(e)(2) and 30(f)(1) indicating whether the deponent or a Party requested review of the deposition transcript and, if so, attaching any changes made by the deponent. Until the expiration of this 30-day period, the entire deposition transcript shall be deemed to be designated as "Confidential."

        f.     All deposition testimony in this Action shall be taken only in the presence of persons qualified to receive such information pursuant to this Protective Order. The portions of deposition testimony designated as "Highly Confidential – Attorneys' Eyes Only" by a statement on the record shall be taken only in the presence of persons qualified to receive such information pursuant to this Protective Order.

        g.     Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.

1863554.1

STIPULATED PROTECTIVE ORDER
CASE NO. 8:18-CV-00203-JVS (KESX)

US 167095985v1

In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

h. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "Confidential – Subject to Protective Order" or the legend "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

10. <u>Inadvertent Failures to Designate</u>.

a. An inadvertent failure to designate qualified Discovery Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

b. In the event that a Party inadvertently fails to designate materials or information as confidential under this Protective Order, the Party may designate materials or information as Confidential or Highly Confidential – Attorneys' Eyes Only by delivering written notice to the other Party and by producing a copy of the material or document with the confidential designation required by this Protective Order. The other Parties shall destroy all prior copies of the material or document, and thereafter shall treat the document or material as Protected Material under this Protective Order. If the Receiving Party disclosed the

1863554.1

STIPULATED PROTECTIVE ORDER
CASE NO. 8:18-CV-00203-JVS (KESX)

US 167095985v1

material or document before being notified, it must take reasonable steps to retrieve it, but the Receiving Party shall not be deemed to have breached this Protective Order for disclosure(s) of the material or document prior to receiving the notice designating it as Confidential or Highly Confidential – Attorneys' Eyes Only. Outside Counsel for the Parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication, distribution of and access to Protected Material.

c. To the extent that any Discovery Material was produced prior to the execution and entry of this Protective Order, any Party may designate any portion of the Discovery Material as Confidential and/or Highly Confidential – Attorneys' Eyes Only as permitted under this Order within 45 days of the date this Protective Order is entered. Until this 45-day period expires, previously disclosed Discovery Material shall be deemed to be designated as Confidential.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

11. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

12. <u>Meet and Confer</u>. Any challenge to a designation of Protected Material under this Protective Order shall be in writing, shall be served on counsel for all Parties, shall particularly identify the documents or information that the Challenging Party contends should be differently designated, and shall state the grounds for the objection. This written notice shall be considered initiation of the dispute resolution process under Local Rule 37.1 et seq.

13. If a Party retracts its confidentiality designation, or in the event that such designation is deemed without effect by the Court, or the Parties agree that documents or other information originally designated Confidential or Highly Confidential – Attorneys' Eyes Only need not be treated as such under this Protective Order, the Producing Party shall provide a substitute of the document or

1863554.1

STIPULATED PROTECTIVE ORDER
CASE NO. 8:18-CV-00203-JVS (KESX)

US 167095985v1

1  other information without any designation that bears a different Bates number than

2  the original document or information.

3        14.    If the Parties cannot informally resolve any dispute, a Party may apply

4  to or move the Court for a determination or order that Protected Material is not

5  entitled to such designated status and protection from disclosure.  All parties shall

6  continue to afford the material in question the level of protection to which it is

7  entitled under the Producing Party's designation until the Court rules on the

8  challenge.

9  **VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

10        15.    <u>Requirements</u>.  A Receiving Party may use Protected Material that is

11  disclosed or produced by another Party or by a Non-Party in connection with this

12  Action only for prosecuting, defending, or attempting to settle this Action.

13  Protected Material shall not be used or disseminated in any other case, action, or

14  proceeding.  Protected Material shall not be used for any other purpose whatsoever,

15  including without limitation, commercial, publicity, business, marketing,

16  competitive, or personal purposes without prior approval by the Designating Party

17  or Court order.  Bates numbers and confidentiality designations placed on a

18  document by the Producing Party shall not be removed or altered.

19        a.    Protected Material may be disclosed only to the categories of

20  persons and under the conditions described in this Order. When the Action has been

21  terminated, a Receiving Party must comply with the provisions of section 14 below

22  (FINAL DISPOSITION).

23        b.    Protected Material must be stored and maintained by a

24  Receiving Party at a location and in a secure manner that ensures that access is

25  limited to the persons authorized under this Order.

26        16.    <u>Disclosure of "Confidential"</u> Discovery Material.  Unless otherwise

27  ordered by the Court or permitted in writing by the Designating Party, a Receiving

28  Party may disclose any information or item designated "Confidential" only to:

    STIPULATED PROTECTIVE ORDER
CASE NO. 8:18-CV-00203-JVS (KESX)

US 167095985v1

a.     the Receiving Party's Outside Counsel;

b.     the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.     Plaintiffs to this Action, including Relator, the United States, and the States referenced in the Complaint. However, Plaintiffs must first sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

d.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

e.     the Court and its personnel;

f.     court reporters, stenographers, videographers, and their staff;

g.     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

h.     any person who appears on the face of the Discovery Material as the author, addressee, or recipient, or who was actually involved in the preparation of the Discovery Material, or who otherwise knew or possessed the Discovery Material;

i.     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary. For witnesses not employed by Defendant, the witness shall sign the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A hereto. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1          j.     any mediator or settlement officer, and their supporting

2    personnel, mutually agreed upon by any of the parties engaged in settlement

3    discussions.

4          17.   Disclosure of "Highly Confidential – Attorneys' Eyes Only"

5    Discovery Material.  Unless otherwise ordered by the Court or permitted in writing

6    by the Designating Party, a Receiving Party may disclose any information or item

7    designated "Highly Confidential – Attorneys' Eyes Only" only to:

8          a.     the Receiving Party's Outside Counsel in this Action, In-house

9    Counsel, as well as their respective employees to whom it is reasonably necessary

10   to disclose the information for this Action;

11         b.     Experts (as defined in this Order) of the Receiving Party (i) to

12   whom disclosure is reasonably necessary for this Action, (ii) who are not  a

13   Competitor of the Designating Party, and (iii) who have signed the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15         c.     the Court and its personnel;

16         d.     court reporters, stenographers, videographers and their staff;

17         e.     professional jury or trial consultants, mock jurors, and

18   Professional Vendors of the Receiving Party to whom disclosure is reasonably

19   necessary for this Action and who have signed the "Acknowledgment and

20   Agreement to Be Bound" (Exhibit A);

21         f.     any person who appears on the face of the Discovery Material as

22   the author, addressee, or recipient, or who was actually involved in the preparation

23   of the Discovery Material, or who otherwise knew or possessed the Discovery

24   Material;

25         g.     the United States and the States referenced in the Complaint.

26         h.     Relator, except Relator shall not have access to Highly

27   Confidential materials, or any materials derived from them (such as notes or

28   summaries) during any time that Relator is employed by a Competitor. In addition,

US 167095985v1

Relator must first sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A).

       i.     Defendant's insurer(s), and personnel in Defendant's insurance department, to the extent reasonably necessary for the processing of a claim;

       j.     Witnesses who are employees of a Producing Party; and

       k.     Other deponents or witnesses who (i) the Producing Party and the Receiving Party agree may be shown "Highly Confidential – Attorneys' Eyes Only" Discovery Material, (ii) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) and do not keep copies and may not transcribe the words or substance of "Highly Confidential – Attorneys' Eyes Only" Discovery Material. In the event the Producing Party and the Receiving Party cannot reach agreement with respect to the witness(es) who may be shown "Highly Confidential – Attorneys' Eyes Only" Discovery Material, the Producing Party and the Receiving Party may present the dispute to the Magistrate Judge in accordance with Local Rule 37.

       l.     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

18.    To the extent information contains "protected health information," as defined by 45 C.F.R. § 164.501, and/or "individually identifiable health information," as defined by 45 C.F.R. § 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191 ("HIPAA"), the parties shall treat that information in a manner consistent with applicable laws or regulations.

19.    <u>Prohibition on Disclosure to Competitors.</u>  Notwithstanding the foregoing Paragraphs of this Section, absent a Court order or express written consent from Defendant, neither Plaintiff's Counsel nor Plaintiff shall disclose or

facilitate the disclosure of Protected Material to any known Competitor of Defendant.  Plaintiff's Counsel must make a full inquiry of any potential Expert or consultant to determine whether he or she is a Competitor of Defendant.  Before Plaintiff's Counsel may disclose Protected Material to any Expert or consultant, the Expert or consultant must provide written certification that he or she is not a Competitor of Defendant.  Plaintiff's Counsel need not produce such certifications to Defendant, but must maintain them for the duration of the litigation so that they may be submitted to the Court for *in camera* review in the event of a dispute between the Parties.  Nothing in this paragraph should be construed to limit a Party's ability to show Protected Material to any deponent, including those presently, or who within the past two years were, employed by a Competitor of Defendant.

20.     Copies of Acknowledgement and Agreement to Be Bound.  Counsel shall maintain the original of each such signed Acknowledgment and Agreement to Be Bound for the duration of the litigation so that they may be submitted to the Court for *in camera* review in the event of a dispute between the Parties.

21.     Use in Courtroom or Appellate Proceedings.  Any Party intending to make use of another Party's Protected Material at or in connection with any courtroom proceeding or appeal in the Action shall notify all Parties sufficiently in advance to allow the Parties to meet and confer in an effort to agree upon appropriate procedures to protect the Protected Material, or, if necessary, to allow for a hearing on a motion to determine the appropriate procedures. This Order does not govern the use of Protected Material at trial. Any use of the Protected Material at trial shall be governed by the orders of the trial judge.

## IX.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

22.     If a Party is served with a subpoena or a court order issued in other litigation or administrative proceeding that compels disclosure of any Discovery

Material designed in this Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," that Party must:

       a.     prior to complying with the subpoena, order, or other legal demand, promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

       b.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation or administrative proceeding that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

       c.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

23.    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or agency.

## X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

24.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

25.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non- Party's confidential information, then the Party shall:

a.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.     make the information requested available for inspection by the Non-Party, if requested.

26.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

27.     If a Non-Party produces Discovery Material in response to a valid subpoena, any Party may designate such material as "Confidential – Subject to Protective Order" or "Highly Confidential – Attorneys' Eyes Only – Subject to Protective Order," provided it qualifies for such treatment under this Protective Order, notwithstanding the Non-Party's failure to so designate.

## XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

28.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

29.    Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity.

30.    Pursuant to Federal Rule of Evidence 502, the production of a privileged or work-product-protected document does not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this case or in any other federal or state proceeding.

31.    If a Producing Party determines that it has produced a privileged or otherwise protected document, the Producing Party shall provide written notice to each Receiving Party.  This notice shall be served upon Outside Counsel for all Parties, and shall contain information sufficient to:  (a) identify the document, by Bates number if applicable or by identifying information as necessary to locate the document within the materials produced; (b) identify the privilege or protection asserted; and (c) explain the basis for the invocation of the privilege or protection. The notice shall ask that Receiving Parties either return or destroy the documents identified as privileged or otherwise protected.  Alternatively, the Producing Party may provide a redacted copy of the document, removing any information that is

considered privileged or otherwise protected, and request that the Receiving Parties either destroy or return the unredacted document.

32.     Upon receipt of a notice described above, a Receiving Party shall promptly return all copies of the privileged documents to the Producing Party or destroy them, depending upon the Producing Party's stated preference.  If the Receiving Party has disclosed the documents identified in the Producing Party's notice to another person or entity before receiving the notice, the Receiving Party shall promptly take reasonable steps to retrieve all copies of the documents, notify the person or entity to whom the documents were disclosed that the documents are privileged and must not be further disclosed or used, and notify the Producing Party of this disclosure and the efforts to recover the documents.

33.     In the event of a dispute about the Producing Party's privilege claim, the Parties must promptly meet and confer in an attempt to resolve the dispute.  If the Parties are unable to resolve the dispute, the Receiving Party may file a motion with the Court pursuant to Fed. R. Civ. P. 26(b)(5) that encloses a copy of the information that the Producing Party claims is privileged, under seal in accordance with Local Rule 79-5, for a determination of the privilege claim.  Until the privilege dispute is resolved, the Receiving Party may retain possession of the disputed document, but must sequester all copies of the document and shall not use or disclose the document.  In the event that the Court denies the Receiving Party's motion, the Receiving Party shall return or destroy all copies of the disputed documents to the Producing Party, as requested in the Producing Party's original notice, within fifteen (15) days of the Court's order.

34.     Nothing herein shall prohibit Parties from withholding from review and production any document covered by any privilege or other protection.

## XIII.  FILING OR USE OF PROTECTED MATERIAL AS EVIDENCE

35.     Protected Material shall not be filed with the Court except as required in connection with a motion or other matters pending before the Court.  Protected

1863554.1

US 167095985v1

Material that must be filed with the Court **unredacted shall be filed with an application for leave to file it under seal pursuant to Local Rule 79-5.**

36. **This order does not govern trial.**

///

///

///

///

///

///

///

///

///

///

**XIV. <u>MISCELLANEOUS</u>**

37. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

38. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

39. <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

40. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party or Non-Party waives any rights it otherwise would have to object to discovery and to oppose or object to disclosing, producing, or disseminating any Discovery Material on any ground not addressed in this Order. Similarly,

stipulating to the entry of this Order shall not be construed as an agreement or admission by any Party as to the authenticity, competency, relevancy, or materiality of any Designated Material. This Order is not intended to modify or waive the provisions of the Federal Rules of Evidence, and no Party waives any right to oppose or object on any ground to the use in evidence of any Protected Material.

41. <u>Counterparts</u>. The Stipulation to this Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

## XV. **FINAL DISPOSITION**

41. After the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. In addition, the Receiving Party shall take adequate steps to ensure that any and all electronic copies of Protected Material are deleted and permanently erased from any computer or computer system on which such materials were stored, except that the Receiving Party is not required to delete any Protected Information on archive tapes, server back-up tapes or similar back-up storage media if the Receiving Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information. Within 60 days of final disposition, the Receiving Party's Counsel shall notify the Producing Party that such return or destruction occurred. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or

1863554.1

US 167095985v1

capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

## XVI. <u>VIOLATIONS</u>

42.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, monetary sanctions, or other appropriate relief.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 27, 2019

Respectfully submitted,

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP


By: */s/ Nimish R. Desai*_____

Nimish R. Desai (State Bar No. 244953)
ndesai@lchb.com
Robert J. Nelson (State Bar No. 132797)
rnelson@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008

Rachel Geman (admitted *pro hac vice*)
rgeman@lchb.com
Katherine McBride
kmcbride@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone:  212-355-9500
Facsimile:  212-355-9592

*Attorneys for Relator*

Rhonda R. Trotter (State Bar No. 169241)
rhonda.trotter@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Michael A. Rogoff (admitted *pro hac vice*)
michael.rogoff@arnoldporter.com
Paula R. Ramer (admitted *pro hac vice*)
paula.ramer@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

Jeffrey L. Handwerker (admitted *pro hac vice*)
jeffrey.handwerker@arnoldporter.com
Christian D. Sheehan (admitted *pro hac vice*)
christian.sheehan@arnoldporter.com
ARNOLD & PORTER KAYE
    SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

*Attorneys for Defendant Allergan, Inc.*

IT IS SO ORDERED.

DATED: <u>December 3, 2019</u>

_Karen E. Scott_

_____
HON. KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES ex rel.
TERRENCE BARRETT, and on
behalf of various States,

        Plaintiff,

v.

ALLERGAN, INC.,

        Defendant.

Case No. 8:18-CV-00203-JVS (KESx)

**EXHIBIT A TO STIPULATED
PROTECTIVE ORDER**

Judge:    Hon. James V. Selna

    I am aware that a Protective Order has been entered in the above-captioned action. I have read the Protective Order and understand that my willful disclosure of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information may constitute contempt of Court and may be grounds for sanctions and/or penalties, including costs related to enforcement of the Protective Order, and I agree to submit to this Court's jurisdiction for purposes of enforcement of the Protective Order.

    I agree to comply with the Protective Order and will not disclose or discuss any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information with any person except those persons specifically listed in the Protective Order under the procedures specified therein.

    In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature:                   Dated:

Name (Printed):

Address:

Telephone No.:

# ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.


Dated:  November 27, 2019                    /s/ *Nimish R. Desai*

1863554.1

US 167095985v1